IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY HERBERT MORRIS,

        Plaintiff,

v.                                      Civil Action No. 5:05CV193
                                                          (STAMP)
AL HAYNES, Warden,
D. HALL, Correctional Counselor,
J. BETLER, Captain,
V. PURI, Health Services Administrator,
S. FOLK, Health Services Administrator
C. PULICE, Unit Manager,
R. HENSLEY, Correctional Officer,
DEBBIE J. LOHR, Disciplinary Hearing Officer,
P. MALDONADO, Case Manager,
RAUDERBAUGH, Special Investigative Agent,
D. MURPHY, Lieutenant,
M.H. ROCHA, Senior Officer Specialist and
MID-ATLANTIC REGIONAL OFFICE CUSTODY
AND CLASSIFICATION ADMINISTRATOR,

        Defendants.


             **MEMORANDUM OPINION AND ORDER**
     **ADOPTING AND AFFIRMING THE MAGISTRATE JUDGE'S**
              **REPORT AND RECOMMENDATION ON THE**
         **PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**

                    I.  Procedural History

     On November 29, 2005, the plaintiff, Anthony Herbert Morris, appearing pro se, filed a civil rights complaint in this Court alleging that, due to the negligence of several of the defendants, he was assaulted by another inmate on June 15, 2005.[1] In addition, the plaintiff asserts that since that assault, several of the defendants have violated his constitutional rights by retaliating

---

[1]The plaintiff is a federal inmate incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia.

against him for filing grievances, using excessive force, unjustly punishing him and being deliberately indifferent to his serious medical needs. On June 28, 2006, the plaintiff filed a motion for injunctive relief.

On July 25, 2006, United States Magistrate Judge James E. Seibert entered a report recommending that the plaintiff's motion for injunctive relief should be denied. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies of this report. To date, the plaintiff has not filed any objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of the recommendation to which no objection is made, a magistrate judge's finding and recommendation will be upheld unless they are "clearly erroneous." Because no objections have been filed, this Court has reviewed the magistrate judge's report and recommendation for clear error, and is of the opinion that it should be affirmed and adopted in its entirety.

II. <u>Discussion</u>

The standard for granting injunctive relief is a balancing-of-hardship as set forth in <u>Blackwelder Furniture Co. v. Seilig Mfg.</u>

Co., 550 F.2d 189 (4th Cir. 1977). The Court must consider the following four factors in making the balance-of-hardship analysis:

   (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied;

   (2) the likelihood of harm to the defendant if the requested relief is granted;

   (3) the likelihood that the plaintiff will succeed on the merits; and

   (4) the public interest.

Direx Israel, Ltd. v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991).

A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable harm without it. Id. The required harm "must be neither remote nor speculative, but actual and imminent." Id. (citations and internal quotations omitted).

If such harm is demonstrated, the court must find the likelihood of harm to the plaintiff if an injunction is not granted and the likelihood of harm to the defendant if it is granted. Id. (citation omitted). If the balance of those two factors "tips decidedly" in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them fair ground for litigation and thus for more deliberate investigation." Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 359 (4th Cir. 1991)(citations omitted). However, "[a]s the

3

balance tips away from the plaintiff, a stronger showing on the merits is required. Id. (citation omitted).

After a review of the record, Magistrate Judge Seibert concluded that the plaintiff cannot make more than a speculative showing that he will be harmed if an injunction is not issued. The magistrate judge further found that, even assuming arguendo that the plaintiff could make such a showing, an injunction would still be improper because the court does not have the authority to grant the plaintiff the relief he seeks. This Court agrees.

The plaintiff seeks to be released to a community corrections center or to be transferred to another facility. This Court notes that the authority to transfer an inmate to a community corrections center or to another correctional facility is in the discretion of the Bureau of Prisons ("BOP"). See e.g. Meachum v. Fano, 427 U.S. 215 (1976)(the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP). Further, 18 U.S.C. § 3621(b) provides that the BOP shall designate the place of an inmate's confinement and § 3624(c) grants the BOP the authority to transfer an inmate to a community corrections center.

After a review of the record, this Court finds that the plaintiff did not make a showing that he will be harmed if an injunction is not issued and, even if the plaintiff could make such a showing, this Court does not have the authority to grant the

4

plaintiff injunctive relief. Accordingly, the plaintiff's motion for injunctive relief must be denied.

### III. Conclusion

Because this Court concludes that the magistrate judge's recommendation is without clear error, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the plaintiff's motion for injunctive relief is hereby DENIED.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.

DATED: March 13, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE