IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY HERBERT MORRIS,

       Plaintiff,

v.                                   Civil Action No. 5:05CV193
                                               (STAMP)
AL HAYNES, Warden,
D. HALL, Correctional Counselor,
J. BETLER, Captain,
V. PURI, Health Services Administrator,
S. FOLK, Health Services Administrator
C. PULICE, Unit Manager,
R. HENSLEY, Correctional Officer,
DEBBIE J. LOHR, Disciplinary Hearing Officer,
P. MALDONALDO, Case Manager,
RAUDEBAUGH, Special Investigative Agent,
D. MURPHY, Lieutenant,
M.H. ROCHA, Senior Officer Specialist and
MID-ATLANTIC REGIONAL OFFICE CUSTODY
AND CLASSIFICATION ADMINISTRATOR,

       Defendants.


### MEMORANDUM OPINION AND ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING THE PLAINTIFF'S OBJECTIONS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT

### I.  Procedural History

The plaintiff, Anthony Herbert Morris, appearing pro se, filed a civil rights complaint in this Court alleging that, due to the negligence of several of the defendants, he was assaulted by another inmate on June 15, 2005.[1]  In addition, the plaintiff asserts that since that assault, several of the defendants have

---

[1]The plaintiff is a federal inmate incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia.

violated his constitutional rights by retaliating against him for filing grievances, using excessive force, unjustly punishing him and being deliberately indifferent to his serious medical needs. Subsequently, the plaintiff filed a motion for injunctive relief.

United States Magistrate Judge James E. Seibert entered a report recommending that: (1) the plaintiff's negligence claim against Al Haynes, D. Hall, J. Betler and M.H. Rocha proceed and that those defendants be served with a copy of the summons and complaint through the United States Marshals Service; (2) the plaintiff's harassment/retaliation claim against Betler be dismissed with prejudice; (3) the plaintiff's excessive force claim against D. Murphy proceed and that Murphy be served with a copy of the summons and complaint through the United States Marshals Service; (4) the plaintiff's deliberate indifference claim against Al Haynes, V. Puri and S. Folk proceed and that those defendants be served with a copy of the summons and complaint through the United States Marshals Service; (5) the plaintiff's claims against C. Pulice, R. Hensley, P. Maldonaldo, Raudebaugh and the Mid-Atlantic Regional Office of Custody and Classification Administrator should be dismissed for failure to state a claim; and (6) the plaintiff's claim against Debbie J. Lohr should be dismissed because it is insufficiently pled. The magistrate judge informed the parties that if they objected to any portion of this report, they must file written objections within ten days after being served with copies

of this report.  The plaintiff filed timely objections to portions of the magistrate judge's report and recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a _de novo_ review of those portions of the magistrate judge's findings to which an objection is made.  The remaining portions of the report and recommendation to which the plaintiff did not object will be reviewed for clear error.  This Court has now made an independent _de novo_ consideration of the portions of the report and recommendation to which plaintiff filed objections and a review for clear error to all remaining portions of the report and recommendation and is of the opinion that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II. Discussion

In his complaint, the plaintiff asserts claims against the defendants for negligence and constitutional violations.

First, the plaintiff asserts that he was assaulted by another inmate on June 16, 2005.  Plaintiff asserts that Hall was warned that plaintiff's life had been threatened prior to the assault, but did nothing to protect him.  Plaintiff asserts that he suffered several serious injuries from the assault, including a broken nose, a damaged left eye socket, and a fractured mandible.  Plaintiff also asserts that the assault and the resulting injuries were due to Haynes' failure to insure the plaintiff's safety.

Since the initial attack, the plaintiff asserts that Rocha is ignoring a protective order which directs that plaintiff be separated from other inmates. As a result, plaintiff asserts he was assaulted for a second time, possibly at the direction of Betler.

Second, the plaintiff asserts that since the assault, and as a result of filing administrative grievances, Betler has threatened, harassed and retaliated against him. Moreover, the plaintiff asserts that Murphy has physically assaulted him and that the Bureau of Prisons ("BOP") has not taken his concerns for his safety seriously. In addition, the plaintiff asserts that as a result of the second attack upon his person, not only did he suffer additional injuries, but he was also disciplined by Lohr. Finally, the plaintiff asserts that Puri, Folk and Haynes have been deliberately indifferent to his serious medical needs by depriving him of appropriate medical treatment for his injuries.

As stated above, the magistrate judge recommended that: (1) the plaintiff's negligence claim against Haynes, Hall, Betler and Rocha proceed and that those defendants be served with a copy of the summons and complaint through the United States Marshal Service; (2) the plaintiff's harassment/retaliation claim against Betler be dismissed with prejudice; (3) the plaintiff's excessive force claim against Murphy proceed and that Murphy be served with a copy of the summons and complaint through the United States

Marshal Service; (4) the plaintiff's deliberate indifference claim against Haynes, Puri and Folk proceed and that those defendants be served with a copy of the summons and complaint through the United States Marshall Service; (5) the plaintiff's claims against Pulice, Hensley, Maldonaldo, Raudebaugh and the Mid-Atlantic Regional Office of Custody and Classification Administrator should be dismissed for failure to state a claim; and (6) the plaintiff's claim against Lohr should be dismissed because it is insufficiently pled.

In his objections, the plaintiff argues that Betler, Pulice, Maldonaldo and the Mid-Atlantic Administrator John/Jane Doe and Maldonaldo should not be dismissed. In addition, the plaintiff moves to dismiss the following defendants, without prejudice: Raudebaugh, Hensley and Lohr.

A.   <u>Negligence -- Federal Tort Claims Act</u>

The Federal Tort Claims Act ("FTCA") waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Medina v. United States</u>, 259 F.3d 223 (4th Cir. 2001). In this action, all of the alleged negligent acts occurred in West Virginia, thus the substantive law of West Virginia governs this action.

In West Virginia,

> every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish . . . three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries suffered thereby, resulting proximately from the breach of that duty.

Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939).

With regard to federal prisoners, the Bureau of Prisons owes a duty to provide suitable quarters, and to provide for the inmates' safekeeping, care and subsistence. 28 U.S.C. § 4042(a). This duty, similar to the duty of a landowner in West Virginia, has been interpreted as one of "reasonable care." See McNeal v. United States, 979 F. Supp. 431 (N.D. W. Va. 1997); Burdette v. Burdette, 127 S.E.2d 249 (1962).

In this action, the plaintiff alleges that the defendants, Hall, Haynes, Betler and Rocha negligently failed to protect him from a known harm. It is undisputed that the BOP has a duty to provide for the plaintiff's safekeeping. It is further undisputed that the plaintiff was injured. The plaintiff alleges that the defendants listed above ignored a known danger to the plaintiff's safety or possibly orchestrated that danger.

This Court finds that summary dismissal of this claim is not warranted. Accordingly, Hall, Haynes, Betler and Rocha shall be

served with a copy of the summons and complaint through the United States Marshals Service and they should respond to this claim.

B.  <u>Constitutional Claims Against Haynes, Betler, Puri, Folk and Murphy</u>

    1.  <u>Retaliation Claim</u>

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994). Thus, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B)]." <u>Id.</u> Claims of retaliation are treated with skepticism in the prison context, <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4 th Cir. 1996), and inmates do not have a constitutional right to participate in grievance procedures. <u>Adams</u>, 40 F.3d at 75. Additionally, a plaintiff who alleges that government officials are retaliating against him in violation of his constitutional rights must demonstrate, inter alia, that he suffered some adversity in response to his protected rights. <u>American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.</u>, 999 F.2d 780, 785 (4th Cir. 1993).

In this action, the plaintiff asserts that Betler harassed and retaliated against him for filing grievances. The magistrate judge

found that because an inmate has no constitutional right to participate in the grievance procedures, the plaintiff has failed to state a claim for which relief can be granted. In his objections, the plaintiff argues that he understands that the "grievance exhaustion does not violate a U.S. Constitutional Right, however it is a requirement to first exhaust the available remedies at the institution before a civil complaint could be brought to the Court." (Pl.'s Objection at 1.) The plaintiff asserts that under the Prisoner Litigation Reform Act ("PLRA"), a violation of the PLRA statute was a "violation to access the Courts," due to the plaintiff's alleged retaliation against him for pursuing this action pursuant to 42 U.S.C. § 1997e(a). (Id.) Because the plaintiff filed objections, this Court will conduct a de novo review to which objections were made.

Title 42, United States Code, Section 1997e(a) states:

(a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

As stated above, this Court notes that inmates have no constitutional right to participate in grievance procedures. Adams, 40 F.3d at 75. While § 1997e(a) requires an inmate to exhaust his or her administrative remedies before bringing an

action for a violation of a constitutional right in federal court, the statute does not itself create a constitutional right.  <u>See</u> <u>id.</u> Thus, this Court finds that the plaintiff has failed to state a claim for which relief can be granted.  Accordingly, the plaintiff's harassment and retaliation claims against Betler shall be dismissed.

    2.  <u>Excessive Force</u>

The Eighth Amendment prohibits "the unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment. <u>Whitley v. Albers</u>, 475 U.S. 312 (1986).  The use of excessive force may constitute cruel and unusual punishment.  <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992).  An excessive force claim has two prongs, an objective prong and a subjective prong.  Under the objective prong, the plaintiff must establish that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation."  <u>Norman v. Taylor</u>, 25 F.3d 1259, 1262 (4th Cir. 1994)(en banc), <u>cert. denied</u>, 513 U.S. 1114 (1995)(quoting <u>Hudson v. McMillian</u>, 503 U.S.1, 8 (1992)).  Subjectively, the plaintiff must show that the "prison officials maliciously and sadistically used force to cause harm."  <u>Hudson</u>, 503 U.S. at 9.

According to the United States Court of Appeals for the Fourth Circuit, "absent the most extraordinary circumstances," an individual who suffers only <u>de minimis</u> injuries cannot prevail on an Eighth Amendment excessive force claim.  <u>Riley v. Dorton</u>, 115

F.3d 1159 (4th Cir.)(en banc), cert. denied, 522 U.S. 1030 (1997);
Norman, 25 F.3d at 1263.  The magistrate judge noted that the
Fourth Circuit, in both Riley and Norman, found that the
plaintiff's injuries were de minimis, thus proving that only de
minimis force was used.  In Norman, the plaintiff's injury was a
swollen thumb caused by the defendant's keys hitting him in the
hand.  In Riley, the plaintiff had his face slapped and had the tip
of a pen placed in his nose, along with a threat to rip his nose
open.

      "The Eighth Amendment's prohibition of 'cruel and unusual'
punishment necessarily excludes from constitutional recognition de
minimis uses of physical force, provided that the use of force is
not of a sort 'repugnant to the conscience of mankind.'"  Hudson,
503 U.S. at 9-10.  See also Taylor v. McDuffie, 155 F.3d 479 (4th
Cir. 1998), cert. denied, 525 U.S. 1181 (1999).  However, if the
force used is "repugnant to the conscience of mankind," i.e.
"diabolic" or inhuman physical punishment, a prisoner can prevail
on an excessive force claim even if the injuries sustained are de
minimis.  Norman, 25 F.3d at 1263.

      In this action, the plaintiff alleges that Murphy attacked him
on December 19, 2005.  Specifically, the plaintiff alleges that
Murphy choked him, threw him onto the cell floor and forced him to
swallow water from the cell floor.  The plaintiff contends that he
could not breathe when Murphy was performing these alleged acts

because Murphy was also squeezing his throat. The plaintiff further asserts that he nearly drowned when he was forced to swallow the water from his cell floor. Further, the plaintiff alleges that at the time of the attack, he was in hand restraints and was not acting hostile or aggressive. The magistrate judge found that summary dismissal of this claim is not warranted and that Murphy should be made to respond to this claim.

After a review of the record, this Court agrees. Accordingly, this Court finds that the plaintiff's excessive force claim against Murphy shall proceed. Accordingly, Murphy shall be served with a copy of the summons and complaint through the United States Marshals Service and this defendant shall file an answer or other responsive pleading to the plaintiff's excessive force claim.

C.    Deliberate Indifference

To state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious;" and (2)that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a lifelong or permanent loss. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd. Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. Wilson, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be award of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial of nonexistent." Id. at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to

12

fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life activities, and conditions which cause pain, discomfort or a threat to good health." <u>See</u> <u>Morales Feliciano v. Calderon Serra</u>, 300 F. Supp. 2d 321, 341 (D.P.R. 2004)(citing <u>Brock v. Wright</u>, 315 F.3d 158, 162 (2d Cir. 2003)).

In this action, the plaintiff alleges that he received surgery to repair his fractured mandible. As a result of the surgery, the plaintiff had wires and bands in his mouth that were supposed to be removed within a certain time period prescribed by the doctor and/or hospital who performed the surgery. The plaintiff states that the wires and bands were not removed until several months after the prescribed time period. The plaintiff alleges that he sought the removal of the wires and bands by Puri, Folk and Haynes, but these defendants did not take his request seriously. According to the plaintiff, Puri, Folk and Haynes knew the delayed removal of

the wires and bands were causing the plaintiff serious pain, but did nothing to remove the wires and bands.[2] Further, the plaintiff asserts that, by not removing the wires and bands in a timely fashion, the plaintiff developed cavities that caused him pain while eating.

The magistrate judge found that summary dismissal of this claim is not warranted. After a review of the pleadings in this case, this Court agrees and finds that the plaintiff's deliberate indifference claim against Haynes, Puri and Folk shall proceed. Accordingly, Haynes, Puri and Folk shall be served with a copy of the summons and complaint through the United States Marshals Service and these defendants shall file an answer or other responsive pleading to the plaintiff's deliberate indifference claim.

D. <u>Pulice, Hensley, Maldonaldo, Raudebaugh and Mid-Atlantic Regional Office Custody and Classification Administrator</u>

In a <u>Bivens</u>[3] action, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. <u>See Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994); <u>Colburn v. Upper Darby Township</u>. 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal

---

[2]The plaintiff states that the wires and bands caused him to suffer daily pain.

[3]<u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

connection to the harm alleged must be shown.  <u>See</u> <u>Zatler v.</u>
<u>Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986).  This is
particularly true in a <u>Bivens</u> action where "liability is personal,
based upon the defendant's own constitutional violations." <u>Trulock</u>
<u>v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

In this action, the magistrate judge found that the plaintiff
has not alleged any personal involvement on the part of Pulice,
Hensley, Maldonaldo, Raudebaugh or the Mid-Atlantic Regional Office
Custody and Classification Administrator regarding the alleged
constitutional violations.  Thus, the magistrate judge found that
the plaintiff failed to state a claim against these defendants.
The plaintiff filed objections to the magistrate judge's
recommendation regarding Pulice, Maldonaldo and the Mid-Atlantic
Regional Office Custody and Classification Administrator.  The
plaintiff also moves, in his objections, to dismiss without
prejudice, Raudebaugh and Hensley.  This Court will conduct a <u>de</u>
<u>novo</u> review of this portion of the magistrate judge's findings.

In his objections, the plaintiff asserts that Pulice,
Maldonaldo and the Mid-Atlantic Administrator "John/Jane Doe for
custody and classification" should not be dismissed.  (Pl.'s
Objection at 2.)  Specifically, the plaintiff asserts that Pulice,
Maldonaldo and the Mid-Atlantic Regional Office Custody and
Classification Administrator violated the Due Process Clause under

the Fifth Amendment because they "wrongfully scored" and designated the plaintiff to a maximum security institution. (Id.)

Title 18, United States Code, Section 3621 requires the BOP to designate an appropriate facility for the service of a federal sentence. Section 3621(b) states:

> **(b) Place of imprisonment.** The Bureau of Prisons shall designate a place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable considering --
>> (1) the resources of the facility contemplated;
>> (2) the nature and circumstances of the offense;
>> (3) the history and characteristics of the prisoner;
>> (4) any statement by the court that imposed the sentence --
>>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>> (B) recommending a type of penal or correctional facility as appropriate and
>> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

A sentence based upon an erroneous factual assumption or other error violates due process. See Bird v. Moore, 2003 WL 1478091 (W.D.N.C. Mar. 6, 2003).

The plaintiff fails to state what error by the BOP violates his due process rights. After a review of the pleadings and the

plaintiff's sentence of imprisonment, this Court finds that the BOP designated the facility for the prisoner's imprisonment by considering the five factors set forth in § 3621.

Thus, this Court finds that the plaintiff failed to state a claim against Pulice, Hensley, Maldonaldo, Raudebaugh or the Mid-Atlantic Regional Office Custody and Classification Administrator for a constitutional violation. In his objection, the plaintiff requests that this Court dismiss without prejudice Raudebaugh and Hensley so that he may bring a claim against them in another action. Under § 1915A, a district court is required to dismiss a claim if it fails to state a claim upon which relief may be granted. Accordingly, the plaintiff's complaint against Pulice, Hensley, Maldonaldo, Raudebaugh and the Mid-Atlantic Regional Office Custody and Classification Administrator shall be dismissed with prejudice.

D.   <u>Discipline in Violation of Constitutional Right</u>

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim <u>showing that the pleader is entitled to relief</u>, and (3) a demand for judgment for the relief the pleader seeks." (emphasis added) "And, although the pleading requirements

of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." _Migdal v. Rowe Price-Fleming International, Inc._, 248 F.3d 321, 326 (4th Cir. 2001)(citation and internal quotations omitted). As previously noted, this is especially true in a _Bivens_ action where liability is personal. _Trulock v. Freeh_, 275 F.3d at 402.

The magistrate judge found that the plaintiff does not allege a specific constitutional violation. Thus, the magistrate judge recommended that Lohr's claim should be dismissed with prejudice because it is insufficiently pled. In his objections, the plaintiff moves to dismiss without prejudice his claim against Lohr.

In this action, the plaintiff alleges that after he was assaulted the second time, he was disciplined by Lohr. The plaintiff does not allege why or how this discipline was a violation of his constitutional rights. The United States Court of Appeals for the Fourth Circuit, in _Weller v. Department of Social Services_, 901 F.2d 387 (4th Cir. 1990), found that dismissal is proper where there are no allegations against the defendants. Because the plaintiff fails to allege a constitutional violation against Lohr in his complaint or objection, this Court finds that the plaintiff's claim is insufficiently pled. Thus, the claim against Lohr shall be dismissed with prejudice.

E.    <u>Motion to Amend</u>

A federal inmate is not entitled to amend his complaint following a district court's dismissal with prejudice, under the prisoner complaint screening statute, for failure to state a claim upon which relief can be granted when the inmate does not set forth additional facts that would support his claim.    28 U.S.C. § 1915A(b)(1); <u>see e.g.</u>, <u>Simpson v. Holder</u>, 200 Fed. Appx. 836 (11th Cir. 2006)(unpublished).    Further, the district court has discretion to determine whether to allow an amendment to the pleadings.    <u>Simpson</u>, 200 Fed. Appx. at 841.

The plaintiff filed a motion to amend his complaint.    As stated above, this Court finds that dismissal is appropriate as to several of the plaintiff's claims.    Thus, with respect to these claims, the plaintiff's motion to amend his complaint shall be denied.    However, with respect to the claims that are not dismissed above, this Court finds that the plaintiff shall be able to amend his complaint.    Thus, the plaintiff's motion to amend his complaint shall be granted in part and denied in part.

Since the plaintiff cannot amend his complaint regarding claims that this Court finds above should be dismissed, the plaintiff's requested amended paragraphs 25-53 shall be denied.

Since the plaintiff may amend any claim that is not dismissed above, paragraphs 83-92, 93-149, 150-179 of the plaintiff's requested amended complaint shall be amended.    With respect to the

19

requested amended paragraphs 54-82, this Court finds that these shall be amended, but only as to the claims against Hall, not as to the claims against Maldonaldo or Hensley because these claims were dismissed above.

## III. <u>Conclusion</u>

Because the plaintiff has not objected to the report and recommendation of the magistrate judge regarding his negligence claim against Al Haynes, D. Hall, J. Betler and M.H. Rocha, his excessive force claim against D. Murphy and his deliberate indifference claim against Al Haynes, V. Puri and S. Folk, and because this Court finds that the magistrate judge's recommendation as to those claims is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED on these claims. These claims shall proceed and the defendants, Al Haynes, D. Hall, J. Betler,[4] M.H. Rocha, D. Murphy, V. Puri and S. Folk shall be served with a copy of the summons, complaint and amended complaint through the United States Marshals Service. The plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court on the issues to which he did not object. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Wright v. Collins</u>, 766 F.2d 841, 845 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

---

[4]The plaintiffs' harassment and retaliation claim against Betler is dismissed with prejudice. Only the plaintiffs' negligence claim shall proceed against Betler.

20

Following a _de novo_ review of the plaintiff's harassment and retaliation claim against J. Betler, his claim against C. Pulice, R. Hensley, P. Maldonaldo, Raudebaugh and the Mid-Atlantic Regional Office of Custody and Classification Administrator and his claim and his claim against Debbie J. Lohr, this Court concludes that the magistrate judge's recommendation regarding plaintiff's claims against these defendants is proper and the plaintiff's objections to that portion of the report and recommendation lack merit. Therefore, this Court hereby AFFIRMS and ADOPTS the magistrate judge's recommendation and the plaintiff's claims against C. Pulice, R. Hensley, P. Maldonaldo, Raudebaugh, the Mid-Atlantic Regional Office of Custody and Classification Administrator and Debbie J. Lohr are hereby DISMISSED WITH PREJUDICE. Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which an objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

Further, the plaintiff's motion to amend is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that the plaintiff's requested amended paragraphs 54-82 are hereby DENIED and amended paragraphs 83-92, 93-149, 150-179 are hereby GRANTED and AMENDED accordingly. With respect to amended paragraphs 54-82, this Court finds that these amended paragraphs are hereby GRANTED and AMENDED accordingly, but only as to the claims against D. Hall, not as to the claims against P. Maldonaldo or R. Hensley.

The plaintiff's amended complaint, attached to his "motion for/to file an amended complaint," shall be filed in the Clerk's Office and served upon any defendant not dismissed above through the United States Marshals Service. However, a defendant need only respond to a claim which has been permitted to be amended. IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff and to counsel of record herein.

DATED:    March 28, 2007


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE