IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY HERBERT MORRIS,

    Plaintiff,

v.                                  Civil Action No. 5:05CV193
                                                        (STAMP)

AL HAYNES, Warden,
D. HALL, Correctional Counselor,
J. BETLER, Captain
VANDHNA PURI SHARMA,
Health Service Administrator,
S. FOLK, Health Service Administrator,
C. PULICE, Unit Manager (E-Unit),
R. HENSLEY, Correctional Officer,
Senior Officer Specialist,
DEBBIE J. LOHR,
Disciplinary Hearing Officer,
R. MALDONALDO, Case Manager,
RAUDEBAUGH, Special Investigative Agent,
D. MURPHY, Lieutenant,
M.H. ROCHA, Senior Specialist and
MID-ATLANTIC REGIONAL OFFICE CUSTODY AND
CLASSIFICATION ADMINISTRATOR DIRECTOR
JOHN DOE/JANE DOE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

Currently pending before this Court and ready for review is Magistrate Judge James E. Seibert's report of proposed findings and recommended disposition of the plaintiff's claims brought pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claim Act ("FTCA"). The procedural history of this action is set forth in detail in the magistrate judge's report and

recommendation. Therefore, only an abbreviated recitation is necessary here.

On November 25, 2005, the plaintiff, proceeding pro se,[1] filed a complaint and, by leave of Court, an amended complaint, alleging negligence, retaliation, unjust punishment, excessive force, and deliberate indifference, pursuant to Bivens and the FTCA. Several defendants were subsequently dismissed from the action. Also dismissed were the claims for retaliation and unjust punishment. The remaining defendants filed a motion to dismiss, or, in the alternative, for summary judgment. Magistrate Judge Seibert issued a Roseboro notice on December 11, 2007, informing the plaintiff of his right to file a responsive pleading and alerting him that his case could be dismissed if he failed to do so. The plaintiff then requested, and received, an extension of time in which to file a response. The plaintiff did not file a response within the time allotted.

Thereafter, the magistrate judge entered a report recommending dismissal without prejudice of all claims for failure to exhaust administrative remedies. As of that date, the plaintiff had not responded to the defendants' motion to dismiss or for summary judgment, despite having been granted an enlargement of time for doing so. In the report and recommendation, the magistrate judge informed the parties that if they objected to any portion of his

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

recommendation, they must file written objections within ten days after being served with a copy of this recommendation.

After entry of the report and recommendation, the plaintiff filed a motion for an extension of time in which to file objections, which this Court granted. On September 4, 2008, three days after the extended deadline, the plaintiff filed what this Court construes as objections to the report and recommendation. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation must be affirmed and adopted in its entirety, that the defendants' motion to dismiss, or, in the for summary judgment, be granted, and that this action be dismissed without prejudice for failure to exhaust administrative remedies.

## II.  Facts

The plaintiff alleges that on June 5, 2005, he was the victim of an assault by another inmate, which caused him serious bodily injury, including a broken nose, a damaged left eye socket, and a fractured jaw. He further alleges that Bureau of Prison ("BOP") staff did nothing to protect him despite having been warned that the plaintiff's safety was in danger. He also claims that BOP staff subsequently ignored an order placing him in protective custody status. According to the plaintiff, the BOP's failure to keep the plaintiff separated from other inmates caused the plaintiff to be assaulted a second time.

The plaintiff also claims that on December 19, 2005, after an altercation between the plaintiff and his cell mate, defendant Murphy² entered the plaintiff's cell, grabbed him by the neck, choked him, threw him on the floor, and forced him to drink water from the cell floor.  The plaintiff further alleges that he was unable to breathe while defendant Murphy was choking him and that he almost drowned when forced to drink the water from his cell floor.  Throughout this series of events, the plaintiff contends that he was in hand restraints and that his conduct was neither hostile nor aggressive.

Finally, the plaintiff alleges that BOP officials acted with deliberate indifference by failing to provide adequate medical care after he received surgery on his broken jaw.  Specifically, the plaintiff claims that the wires and bands in his mouth were not removed by BOP medical staff within the time prescribed by the operating physician and other medical staff at the hospital where the surgery was performed.  According to the plaintiff, he asked defendants Puri, Folk, and Haynes to remove the bands but his requests were ignored despite these defendants' knowledge that the bands were causing him serious pain.  The plaintiff contends that the delayed removal of the wires and bands caused daily pain, pain while eating, and formation of cavities.

---

²The magistrate judge's report and recommendation erroneously referred to defendant Murphy as defendant Morris.  However, this error has no effect on the analysis or outcome of this Court's decision.

III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Generally, failure to file timely objections permits review of the report and recommendation under a clearly erroneous standard. See United States v. Johnson, 859 F2d 1289, 1294 (7th Cir. 1988). However, a court may consider untimely objections where such objections are not egregiously late and where they have caused no prejudice to the adverse party. Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994).

In this case, the plaintiff filed untimely objections, even after this Court granted an extension of time for filing such objections, and he failed to offer any reason for the late filing. Therefore, the standard of review in this case should be for clear error. However, this Court finds that the late filing of objections was not egregious, and that the defendants have not been unfairly prejudiced by the delay. Accordingly, this Court will conduct a de novo review of the magistrate judge's report and recommendation.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## IV. Discussion

A. Bivens Claims

The Prisoner Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Actions brought pursuant to Bivens are subject

to the administrative exhaustion requirements of the PLRA.  Porter v. Nussle, 534 U.S. 516, 524 (2002).

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance.  28 C.F.R. § 542.13.  The BOP's formal administrative process is structured as a three-tiered system.  28 C.F.R. § 542.10, et seq.  First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response.  28 C.F.R. §§ 542.11 and 542.14.  For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP.  28 C.F.R. § 542.15.  The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel.  Id.  An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above.  See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, according to the declaration of Lori A. Brown ("Brown"), Legal Instruments Examiner and Administrative Remedy Clerk in te Office of Regional Counsel at the Mid-Atlantic Regional Office of the Federal Bureau of Prisons, and the exhibits attached thereto, the plaintiff filed two administrative grievances on September 15, 2005, alleging inadequate medical care concerning the wires in his mouth. Both grievances were closed at the institutional level on September 23, 2005. The plaintiff filed no appeal with the Regional Director or the Central Office.

Brown's declaration and attached exhibits also indicate that the plaintiff filed another administrative grievance at the institutional level on January 11, 2006. That grievance concerned the alleged attack by a staff member and the flooding of the plaintiff's cell. The remedy was closed at the institutional level on January 17, 2006. The plaintiff appealed to the Regional Office, where it was denied on February 17, 2006, and then to the Central Office on June 15, 2006, where it was rejected as untimely. Thereafter, on July 11, 2006, the plaintiff re-filed his appeal. That appeal was again rejected as untimely on July 19, 2006. The plaintiff filed no administrative remedies concerning any of the remaining pending claims in this action.

In his objections to the magistrate judge's report and recommendation, the plaintiff asserts that he exhausted his administrative remedies to the extent possible in light of the BOP staff's obstruction of his efforts to pursue administrative

remedies. The plaintiff's objections constitute nothing more than general assertions unsupported by any evidence.

Based upon a de novo review, this Court finds that the plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's Bivens claims. Therefore, this Court finds that the plaintiff's Bivens claims must be dismissed for failure to exhaust administrative remedies.

B. Federal Tort Claim Act

The plaintiff contends that he is entitled to relief pursuant to the FTCA for injuries he sustained from the assault by a fellow inmate on June 15, 2005, which, he contends occurred because of prison officials' negligence. The FTCA permits recovery of "damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). Pursuant to the provisions of the FTCA, the administrative process must be fully exhausted before FTCA claims may be brought in an action in federal court. 28 U.S.C. § 2675(a). Administrative exhaustion under the FTCA requires an inmate to submit written notification of the incident--accompanied by a sum certain claim for monetary damages--to the federal agency responsible for the activities giving rise to the claim. See 28 C.F.R. § 14.2(a) and (b)(1). The inmate may file an FTCA suit in federal court only after the agency denies the inmate's claim, and must do so within

six months of the mailing of the denial. 28 C.F.R. § 14.9(a). An administrative tort claim is statutorily presumed denied if six months pass without action on a properly filed administrative claim. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed final denial of the claim for purposes of this section.").

Failure to completely exhaust administrative remedies before filing an FTCA claim, however, is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. McNeil v. United States, 508 U.S. 106, 122 (1980). A prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed. Id. at 106.

Here, the plaintiff filed his administrative tort claim on August 25, 2005. Approximately three months later, on November 29, 2005, he filed his complaint containing his FTCA claims in this Court. Because the plaintiff filed this action before the BOP denied his administrative remedies and before the passage of the six-month period which would implicate statutory presumption of denial, this Court finds, upon a de novo review, that the plaintiff has failed to exhaust his administrative remedies for his FTCA claims. Accordingly, those claims must be dismissed.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be and is hereby

AFFIRMED and ADOPTED in its entirety. Specifically, it is ORDERED that the defendants' motion to dismiss, or, in the alternative, motion for summary judgment, be GRANTED and that the plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. <u>See</u> 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); <u>see also</u> Fed. R. App. P. 22; <u>Drax v. Reno</u>, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> plaintiff and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      September 17, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE